**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE

TIMOTHY B. BALES                                                    CASE NO. 18-52257

DEBTOR

**MEMORANDUM OPINION AND ORDER**
**DENYING CREDITOR'S MOTION TO EXTEND TIME TO FILE CLAIM**
**AND/OR OBJECT TO DISCHARGE**

Creditor SWAM, LLC ("Creditor") seeks an extension of time to file a proof of claim

pursuant to either Rule 3002(c)(6)(A)[1] or the doctrine of an informal proof of claim.

Alternatively, Creditor seeks an extension of time to object to discharge.   For the reasons set

forth below, Creditor's requests are denied.

**I.       BACKGROUND.**

The facts in this matter are not disputed.   Debtor filed this voluntary chapter 13

bankruptcy case on December 20, 2018.   He timely filed a list of his creditors' names and

addresses with the petition pursuant to Rule 1007(a)(1) ("Mailing List").   He filed his schedules

on January 16, 2019.   He omitted Creditor from both the schedules and the Mailing List.   The

deadline to file proofs of claim was February 28, 2019.   The deadline to object to the Debtor's

discharge was March 26, 2019.   Creditor did not receive notice of the bankruptcy case prior to

these deadlines.

After these deadlines, on March 29, 2019, Debtor filed an amended Schedule F adding

Creditor as an unsecured claimant and updated the Mailing List to include Creditor's name and

---

[1] References to the Federal Rules of Bankruptcy Procedure appear as "Rule _."   Unless otherwise indicated, all
chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

address.   The amendment [ECF No. 41] was served on Creditor that day.   Creditor filed its

untimely proof of claim two weeks later on April 15, 2019, asserting an unsecured claim of

$20,819.00.   The Chapter 13 Trustee objected to the untimely claim pursuant to § 502(b)(9).

[ECF No. 44.]

    In response, on May 1, 2019, Creditor moved for an extension of time to file a proof of

claim pursuant to either Rule 3002(c)(6)(A) or the doctrine of an informal proof of claim.

Alternatively, Creditor requested an extension of time to object to Debtor's discharge pursuant to

Rule 4004(b).   [ECF No. 50 ("Creditor's Motion").]   Trustee objected, arguing that Rule

3002(c)(6)(A) does not permit an extension when a debtor timely files a Mailing List which sets

forth the names and addresses of the creditors listed in a debtor's schedules, irrespective of

whether a creditor was omitted from both the schedules and Mailing List.   [ECF No. 62.]

Creditor filed a reply [ECF No. 65] and the Court held a hearing.   This matter is ripe for

decision.

## II.    ANALYSIS.

    This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and venue is proper pursuant

to 28 U.S.C. § 1409(a).   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and the

Court has authority to enter a final order.

    A.  Creditor's request to extend time to file a claim must be denied.

    The parties agree that if Creditor's request to extend the time for filing a proof of claim is

denied, then Creditor's untimely claim must be disallowed.   [ECF No. 66.]   This matter is

factually and procedurally indistinguishable from the facts and procedure addressed in this

Court's decision in *In re Fryman*, Case No. 18-20660, 2019 Bankr. LEXIS 1945 (Bankr. E.D.

Ky. July 24, 2019).   Creditor offers one argument not made in *Fryman*: that an extension is

2

warranted because Creditor's conduct in protecting its interest upon learning of the bankruptcy

constitutes an informal proof of claim.   In support, Creditor cites *Barlow v. M. J. Waterman &*

*Associates (In re M.J. Waterman & Associates)*, 227 F.3d 604 (6th Cir. 2000), *reh'g denied,*

Case No. 99-1446, 2000 U.S. App. LEXIS 32038 (6th Cir. 2000).   The Court rejects this

argument.   In *Waterman*, the court set forth four preliminary elements which must be

established prior to considering whether an informal proof of claim will be found, all of which

are premised on a written pre-bar date filing with the court.   *Id*. at 609; *see also PCFS Fin. v.*

*Spragin (In re Nowak)*, 586 F.3d 450, 455 (6th Cir. 2009) (citing *Waterman*, 227 F.3d at 608-

09).   Here, there was no written filing by Creditor prior to the claim-filing deadline.

Accordingly, *Fryman* dictates the outcome in this matter.   Creditor's request for an

extension of time within which to file a claim is DENIED.

B.   Creditor's request to extend time to object to discharge must be denied.

Alternatively, Creditor asks the Court to extend the deadline within which to object to the

Debtor's discharge pursuant to Rule 4004(b)(1).   Rule 9006 provides that a court may enlarge

the time to file an objection to a chapter 13 debtor's discharge only "to the extent and under the

conditions stated in [Rule 4004(b)]."   FED. R. BANKR. P. 9006(b)(3).   Rule 4004(b)(1) requires

a party to request an extension of time "before the time has expired."   FED. R. BANKR. P.

4004(b)(1).   That deadline passed on March 26, 2019, five weeks before Creditor's Motion was

filed.   Rule 4004(b)(1) does not permit the Court to extend the time for Creditor to object to

discharge in this case.   Moreover, the Motion also refers to objecting to Debtor's discharge

under "section 727."   [Creditor's Motion at 4.]   But, section 727 has no application in a chapter

13 proceeding.   11 U.S.C. § 103(b).   Thus, Creditor's request also must be denied on this basis.

### III.    CONCLUSION.

Rule 3002(c)(6)(A) does not provide a basis to grant Creditor an extension of time to file a proof of claim.   Creditor's remaining arguments are without merit.

Therefore, it is ORDERED that Creditor's Motion [ECF No. 50] is DENIED and the Trustee shall tender the order contemplated by the parties' Agreed Order [ECF No. 66 ¶ 3] within 7 days.

4

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Tuesday, July 30, 2019**
**(tnw)**